UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STABILITY SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDACTA USA, INC.,<br><br>    Defendant. | Case No. 22-cv-07412-LB<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: ECF No. 5 |

## INTRODUCTION

This is a contract dispute between a medical-device sales agent and a medical-device manufacturer. The plaintiff and its sole owner, Ash Shaalan, entered into an independent-sales-agent agreement with the defendant manufacturer Medacta in April 2021 for the plaintiff to sell the defendant's joint-replacement implants in the Bay Area for two years. The agreement had sales-volume requirements and provided that if the plaintiff did not meet them, the defendant could terminate the agreement if it first gave the plaintiff notice and an opportunity to cure the default. But in July 2022, the defendant allegedly terminated the agreement without notice or an opportunity to cure. The plaintiff sued for breach of contract, among other claims.[1]

---

[1] Compl. – ECF No. 1-1 at 3–16. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 22-cv-07412-LB

Invoking the agreement's forum-selection clause, the defendant moved to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and alternatively moved to transfer venue to the Middle District of Tennessee under 28 U.S.C. § 1404(a).[2] The plaintiff contends mainly that the forum-selection clause, especially in combination with the Delaware choice-of-law clause, is unenforceable because it waives the plaintiff's rights under California's Independent Wholesale Sales Representative Act, Cal. Civ. Code § 1738.13(e).[3] The court denies the motion to dismiss because venue is proper in this removed case. But the court grants the motion to transfer venue because the forum-selection clause is enforceable and the plaintiff has not carried its burden to show that transfer is inappropriate under § 1404(a).

## STATEMENT

The plaintiff is a Wyoming company that "sell[s] implantable medical devices and instrumentation to orthopedic surgeons." The defendant is a Delaware company that "manufactur[es] implantable medical devices and instruments for joint replacements." Both parties do business in California.[4]

Starting in January 2021, the defendant recruited the plaintiff to help expand the defendant's customer base in the Bay Area.[5] In April 2021, the parties entered into their independent sales agent agreement. It allegedly was partly in writing, partly oral, and partly implied by conduct.[6] It appointed the plaintiff as the defendant's "independent outside sales representative, tasked with selling and marketing [the defendant's] medical devices and instrumentation . . . to hospitals, medical centers, and physicians in California."[7]

---

[2] Mot. – ECF No. 5.

[3] Opp'n – ECF No. 12.

[4] Compl. – ECF No. 1-1 at 4 (¶¶ 1–4), 5 (¶¶ 7–8).

[5] *Id.* at 5 (¶ 9).

[6] *Id.* (¶ 10); Agreement, Ex. 1 to Hancock Decl. – ECF No. 17-1 at 4–22.

[7] Compl. – ECF No. 1-1 at 5 (¶ 11).

ORDER – No. 22-cv-07412-LB  2

The written agreement required the plaintiff to meet a "minimum sales volume" of $2 million in the first year. It provided that if the plaintiff did not meet this target or seventy-five percent of the applicable volume for two consecutive quarters, the defendant could limit the plaintiff's sales territories or terminate the agreement "upon notice and an opportunity to cure."[8] The cure process had four steps: the defendant provides notice; the plaintiff submits a written improvement plan; the defendant accepts, modifies, or rejects the plan; and the defendant gives the plaintiff an opportunity to cure the default.[9] The agreement also had a forum-selection clause (under which all actions "arising out of or relating to" the agreement must be brought in the United States District Court for the Middle District of Tennessee) and a Delaware choice-of-law clause.[10]

The plaintiff alleges that when the agreement was entered into, the defendant's Area Director and Vice President of Sales "assured [Mr.] Shalaan that the Minimum Sales Volume number was only a 'soft goal'" and that the plaintiff would not actually be required to achieve the minimum. They "emphasized that the Minimum Sales Volume number was not realistic" for the first year and that "any growth" Mr. Shalaan could achieve would be sufficient, because the defendant "had failed to penetrate the Bay Area market for years." And they acknowledged that the plaintiff would need "significant support" to successfully recruit customers.[11]

From April 2021 until December 2021, the plaintiff hired three independent-contractor sales representatives and "steadily increased the amount of [the defendant's] sales and the number of surgeons using [the defendant's] products in the Bay Area." During this time, the defendant provided the plaintiff with support, such as by coordinating mobile labs for surgeons and participating in sales calls.[12] But in December 2021, after replacing its Area Director, the defendant allegedly stopped providing support and started ignoring Mr. Shalaan's calls and emails. Without

---

[8] *Id.* at 5–6 (¶¶ 12–13); Agreement, Ex. 1 to Hancock Decl. – ECF No. 17-1 at 4–5 (§ 1.2), 14–15 (§§ 9.2, 9.2.5), 21 (Ex. B).

[9] Compl. – ECF No. 1-1 at 6 (¶ 14); Agreement, Ex. 1 to Hancock Decl. – ECF No. 17-1 at 15 (§ 9.2.5).

[10] Agreement, Ex. 1 to Hancock Decl. – ECF No. 17-1 at 18 (§ 13.13), 19 (§ 13.14).

[11] Compl. – ECF No. 1-1 at 7 (¶ 17).

[12] *Id.* (¶¶ 18–20), 8 (¶ 24); Shalaan Decl. – ECF No. 13 at 3 (¶ 8).

Mr. Shalaan's knowledge, the new Area Director began meeting with the plaintiff's previously recruited customers and independent-contractor sales representatives. In April 2022, the defendant "unilaterally and in bad faith" increased the plaintiff's sales quotas for the second year of the agreement. Then, in July 2022, the defendant terminated the agreement based on the plaintiff's not reaching the minimum sales volume during the agreement's first year. The defendant did not first provide notice of default or otherwise follow the "opportunity to cure" process.[13]

After terminating the agreement, the defendant allegedly hired the plaintiff's outside sales representatives as permanent employees. It also continued to deal with the surgeons the plaintiff recruited, including by entering into royalty agreements with them for new implants developed by the defendant with their assistance.[14]

There are seven claims, numbered as follows: (1) violation of California's Independent Wholesale Sales Representative Act, Cal. Civ. Code §§ 1738.10–.17; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; (5) quantum meruit; (6) equitable accounting; and (7) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.[15]

The plaintiff filed the complaint in the San Francisco County Superior Court and the defendant removed the case to this court.[16] It is undisputed that the court has diversity jurisdiction under 28 U.S.C. § 1332.[17] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[18] The court held a hearing on January 19, 2023.

---

[13] Compl. – ECF No. 1-1 at 8–9 (¶¶ 21–23, 25–26); First Amendment to Agreement, Ex. 2 to Hancock Decl. – ECF No. 17-1 at 24–25.

[14] Compl. – ECF No. 1-1 at 9 (¶¶ 27–28).

[15] *Id.* at 10–15 (¶¶ 30–64).

[16] Notice of Removal – ECF No. 1.

[17] *Id.* at 2–4 (¶¶ 4–19).

[18] Consents – ECF Nos. 9–10.

# STANDARD OF REVIEW

## 1. Rule 12(b)(3) — Venue

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Under Rule 12(b)(3), a defendant may move to dismiss a case for improper venue. After a defendant challenges the venue, it is the plaintiff's burden to show that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In the context of a Rule 12(b)(3) motion, the court need not accept as true all allegations in the complaint, but may consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). The court is, however, "obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal must be without prejudice). Ordinarily, the interest of justice requires transferring the case to the proper venue rather than dismissing the case. *Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001).

## 2. 28 U.S.C. § 1404 — Transfer

Under 28 U.S.C. § 1404(a), the court has discretion to transfer the case to a different district where the action "might have been brought" (meaning, a district where venue also is proper) for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404; *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 935 (N.D. Cal. 2020) (citing *Atl. Marine Constr. Co.*

*v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013)). Section 1404(a) also "provide[s] [an] appropriate enforcement mechanism[]" for forum-selection clauses. *Atl. Marine*, 571 U.S. at 61.

The moving party has the burden to show that transfer is appropriate under § 1404(a). *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision to rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

"When reviewing a § 1404(a) motion to transfer venue, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *Fluence Energy, LLC v. M/V BBC FINLAND*, No. 3:21-cv-01239-BEN-JLB, 2022 WL 378197, at *5 (S.D. Cal. Feb. 8, 2022) (cleaned up); *see also Halcyon Syndicate Ltd., LLC v. Graham Beck Enterprises (PTY), Ltd.*, No. 19-cv-04278-JCS, 2020 WL 4051865, at *19 (N.D. Cal. July 20, 2020).

## ANALYSIS

The defendant first moved to dismiss under Rule 12(b)(3) and 28 U.S.C. § 1406(a) on the grounds that venue is improper and transfer would be futile "because the case would be dismissed even after transfer."[19] But venue is proper here because the case was filed in a state court within this district and then removed to federal court. 28 U.S.C. § 1441(a); *Skillnet Sols., Inc. v. Ent. Publ'n, LLC*, No. C 11-4865 PSG, 2012 WL 692412, at *4 (N.D. Cal. Mar. 2, 2012). As for whether transfer would be futile, the defendant provided argument only as to the plaintiff's two claims for violations of California statutes. But courts do not dismiss only some claims in the

---

[19] Mot. – ECF No. 5 at 2, 4.

context of a venue-transfer analysis. *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, No. C-07-6475 EDL, 2008 WL 691851, at *5 (N.D. Cal. Mar. 12, 2008). The court denies the motion to dismiss.

The defendant moved in the alternative to enforce the parties' forum-selection clause and transfer venue to the Middle District of Tennessee under 28 U.S.C. § 1404(a).[20] *Atl. Marine*, 572 U.S. at 52 ("a forum-selection clause may be enforced by a motion to transfer under § 1404(a)," not "a motion to dismiss under [§ 1406(a)] or Rule 12(b)(3)"). The plaintiff counters that (1) the defendant did not authenticate its evidence of the forum-selection clause, (2) the clause, especially in combination with the Delaware choice-of-law clause, is unenforceable because it waives the plaintiff's unwaivable rights under California's Independent Wholesale Sales Representative Act (and Delaware has no equivalent statute), and (3) transfer is inappropriate under the § 1404(a) factors.[21]

The plaintiff's argument that the defendant did not authenticate the agreement is on the ground that the defendant attached the agreement to a declaration by the defendant's counsel in this case, who does not have personal knowledge of the agreement.[22] But the defendant submitted a new declaration from its general counsel Tracy Hancock with its reply brief, and Mr. Hancock declares that he has the requisite personal knowledge.[23] *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 n.8 (9th Cir. 2002) ("A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so.") (cleaned up); *Sloan v. Pfizer, Inc.*, No. C 08-1849 SBA, 2008 WL 4167083, at *2 (N.D. Cal. Sept. 8, 2008) ("Personal knowledge may be inferred from a declarant's position."). It is true that "the court has discretion to decline to consider" new evidence submitted with a reply brief. *Lewis v. Gotham Ins. Co.*, No. 09CV252 L POR, 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) (cleaned up). But here, the evidence is not new: the

---

[20] *Id.* at 5.

[21] Opp'n – ECF No. 12 at 11–22.

[22] *Id.* at 11–12; Theonugraha Decl. – ECF No. 5-1 at 1–2.

[23] Reply – ECF No. 17 at 4; Hancock Decl. – ECF No. 17-1 at 1–2.

ORDER – No. 22-cv-07412-LB        7

Case 3:23-cv-00072   Document 21   Filed 01/20/23   Page 7 of 12 PageID #: 263

plaintiff responded to it in full in its opposition. The court thus considers the agreement and its forum-selection clause.

The next issue (before turning to the § 1404(a) transfer factors) is whether the forum-selection clause is enforceable. The plaintiff argues that the clause, in combination with the Delaware choice-of-law clause, is unenforceable because it violates a strong public policy of California: it waives the plaintiff's unwaivable rights under the state's Independent Wholesale Sales Representative Act.[24]

Evaluating forum-selection clauses can involve both state and federal law. Federal law governs the interpretation and enforcement of forum-selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). State law governs contract formation. *See Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) ("We apply state-law principles that govern the formation of contracts to determine whether a valid arbitration agreement exists."). That means that state law governs the validity of a forum-selection clause, just like any other contract clause. *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963–64 & n.6 (9th Cir. 2022) (held that a California state law, California Labor Code § 925, "which grants employees the option to void a forum-selection clause under a limited set of circumstances, determines the threshold question of whether [the employee's] contract contains a valid forum-selection clause," but declined to decide whether state law always governs the validity of forum-selection clauses).

Under federal law, "a contractual forum-selection clause is 'unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914 (9th Cir. 2019) (quoting M/S *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)); *Lightfoot v. MoneyonMobile, Inc.*, No. 18-cv-07123-YGR, 2019 WL 2476624, at *2–3 (N.D. Cal. June 13, 2019). The plaintiff has the burden to make a "strong showing" that a state statute or judicial

---

[24] Opp'n – ECF No. 12 at 12–20.

Case 3:23-cv-00072  Document 21  Filed 01/20/23  Page 8 of 12  PageID #: 264

decision "clearly states . . . a strong public policy." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088–90 (9th Cir. 2018).

The public policy at issue must relate to venue — unless there would be a "foreclosure of remedy in the transferee forum." *Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-05530-WHO, 2015 WL 899294, at *4–6 (N.D. Cal. Mar. 2, 2015) (collecting many cases). Thus, so long as there is a remedy available in the transferee forum for the defendant's alleged conduct, the plaintiff cannot challenge a forum-selection clause based on a public policy unrelated to venue, even if the remedy available in the transferee forum is not the same as in the transferor forum. *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934, at *3 (N.D. Cal. Feb. 10, 2009) (where the public policy at issue is unrelated to venue, "the loss of a claim is insufficient to invalidate a forum selection clause") (citing *Fireman's Fund Ins. Co. v. M.V. DSR Atl.*, 131 F.3d 1336, 1338 (9th Cir. 1997)); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294–96 (9th Cir. 1998) (English law provided "reasonable recourse" for fraud and misrepresentation in securities transactions, even though an English statute specifically immunized the defendant "from many actions possible under our securities laws"); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 723 (9th Cir. 1999) ("reasonable recourse" was available in the Swiss Arbitral Tribunal even though the plaintiffs could not bring claims under United States antitrust laws).

The Independent Wholesale Sales Representative Act is unrelated to venue and even if the plaintiff cannot pursue its claim under the Act in the transferee forum, the plaintiff will still have reasonable recourse for this contract dispute. *Spread Your Wings, LLC v. AMZ Grp. LLC*, No. 20-CV-03336-VKD, 2020 WL 5749085, at *6–7 (N.D. Cal. Sept. 25, 2020) (the plaintiffs did not "demonstrate[] that proceeding in New York would deprive them of an adequate remedy, let alone any remedy whatsoever"); *Sun*, 901 F.3d at 1089 n.6 (for the public-policy analysis, it matters whether the plaintiff "will for all practical purposes be deprived of his day in court" in the transferee forum, and the Ninth Circuit "would give more weight to [a state's] public policy interests" if so). Thus, the forum-selection clause is enforceable.

Citing *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083–84 (9th Cir. 2009), the plaintiff argues that "courts consider[] the impact of . . . choice-of-law clauses" in analyzing forum-selection clauses on

public-policy grounds.[25] Similarly, at oral argument, the plaintiff emphasized the Ninth Circuit's statement in *Sun* that the public-policy analysis of forum-selection clauses "does not change when the agreement includes a choice-of-law clause in addition to a forum-selection clause. We generally treat the analysis as coextensive and consider the clauses' impact together." 901 F.3d at 1088 n.4.

Those propositions do not change the result. In *Doe 1*, the court relied on a California state-court decision holding that a Virginia forum-selection clause, combined with a Virginia choice-of-law clause, contravened a strong California public policy in favor of consumer class actions "because consumer class actions are not available in Virginia state courts." *Id.* (citing *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 14–15 (2001)). The forum-selection clause at issue in *Doe 1* was the same AOL forum-selection clause at issue in *Am. Online. Id.* at 1083. Here, the plaintiff offers no equivalent state judicial decision and is not foreclosed from a remedy in the transferee forum. *Sun*, 901 F.3d at 1089 (describing *Doe 1* as "holding a forum-selection clause unenforceable when a state court held that enforcement would deprive California consumers of any remedy in Virginia courts"); *Rowen*, 2015 WL 899294, at *4 n.2 (distinguishing *Doe 1* on the ground that the plaintiff there would have been foreclosed from any remedy in the transferee forum); *Spread Your Wings, LLC*, 2020 WL 5749085, at *6 (same).

Citing Cal. Civ. Code § 1738.14, the plaintiff also makes an argument similar to one that the Independent Wholesale Sales Representative Act relates to venue. Specifically, the plaintiff contends that the Act reflects "the legislature's express intent to provide a California forum for sale representatives."[26] Section 1738.14 provides that "[a] manufacturer . . . who is not a resident of [California], and who enters into a contract regulated by this chapter[,] is deemed to be doing business in [California] for purposes of personal jurisdiction." This provision does not relate to venue in the way that "[c]ourts throughout the Ninth Circuit have consistently" required. *Rowen*, 2015 WL 899294, at *4. For example, in *Jones v. GNC Franchising, Inc.*, the California policy at issue specifically required a California venue for California franchisees in franchise-agreement

---

[25] *Id.* at 14–15, 19–20.

[26] *Id.* at 18–19.

suits. 211 F.3d 495, 497–98 (9th Cir. 2000). By contrast, § 1738.14 does not foreclose venue outside of California.

The final issue is whether, given the enforceable forum-selection clause, venue should be transferred to the Middle District of Tennessee under § 1404(a).

The § 1404(a) factors are as follows: "(1) [the] plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, No. 16-cv-06959-HSG, 2017 WL 3917209, at *2 (N.D. Cal. Sept. 7, 2017); *Bloom v. Express Servs. Inc.*, No. C 11-00009 CRB, 2011 WL 1481402, at *2–6 (N.D. Cal. Apr. 19, 2011). The first four factors are private-interest factors, and the last four are public-interest factors. *Bloom*, 2011 WL 1481402, at *2–6.

"When there is an enforceable forum-selection clause, the court may consider only the public-interest factors . . . and not the private-interest factors." *Atl. Marine*, 571 U.S. at 63–64. "[T]he practical result is that [valid] forum-selection clauses control except in unusual cases." *Id.* at 64. "The party challenging a valid forum selection clause must show that the public interest factors 'overwhelmingly disfavor' enforcement." *Bridgemans Servs. Ltd. v. George Hancock, Inc.*, No. C14-1714JLR, 2015 WL 4724567, at *4 (W.D. Wash. Aug. 7, 2015) (quoting *Atl. Marine*, 571 U.S. at 67).

The plaintiff argued only that the private-interest factors disfavor transfer.[27] It has not carried its burden. The court grants the defendant's motion to transfer the case to the Middle District of Tennessee.

---

[27] *Id.* at 21–22.

Case 3:23-cv-00072 Document 21 Filed 01/20/23 Page 11 of 12 PageID #: 267

## CONCLUSION

The court grants the defendant's alternative motion to transfer venue to the Middle District of Tennessee under 28 U.S.C. § 1404(a). This resolves ECF No. 5.

**IT IS SO ORDERED.**

Dated: January 20, 2023

LAUREL BEELER
United States Magistrate Judge